Mr. Justice Thachee
delivered the opinion of the court.
A judgment was awarded in the Warren county circuit court, upon a scire facias, upon recognizance, against David Dean and Joseph H. Yannoy, securities of Nathan J. Dean, charged with larceny.
The first objection oifered in the court below, as a reasoft to quash the recognizance and scire facias, is, that the mayor of Ticksburg is not authorized by law to take recognizances. The charter of that city, section 41, conferred in 1839, fully conveys that power in all “ criminal and penal cases,” conferred upon justices of the peace.
The next objection was taken to the phraseology of the recognizance, which required the appearance of the party before “the judge of” the circuit court of Warren county, at the term next succeeding its date. No form of words is required for the validity, provided it contains the essential requisites, of such an instrument. The recognizance, in this respect, was more than sufficient.
• It was next objected, that the crime is alleged in the recognizance to have been committed in Madison county, of which the circuit court of Warren county had no jurisdiction. It is very true, that to legally convict the defendant in one county, when the original taking is proved to have been in another, it must be shown that the accused carried the property stolen into the county where he is indicted, because, in contemplation of law, he is guilty of, not only a carrying away, but also a taking, in every county through or into which the goods have been carried by him. 1 Hale, 507. 1 Hawk. ch. 33, sec. 52. But whether this was so or not is immaterial to the validity of the recognizance. The statute makes it the duty of those' authorized to act in such cases, to issue their warrant for the arrest of such persons as are charged on oath of having committed a felony, crime or misdemeanor; and, where the oifence is bailable, to take the recognizance of the accused, with sufficient security, to appear when and where, &c., to answer the same. The record shows all these preliminaries to the recognizance suffi- ' ciently.
*208 The last error assigned is, that the judgment on the scire facias is a joint judgment against the said David Dean and Joseph H. Yannoy, for the sum of fifteen hundred dollars, while their obligation in the recognizance was not joint, but several, each for the sum of seven hundred and fifty dollars. Upon inspection of the record this objection seems to be well taken.
The judgment of the circuit court of Warren county is therefore reversed, and, as this is a case calling upon this court to pronounce the judgment which the court below should have done, it is directed by this court that judgment be entered up severally against the said David Dean and Joseph H. Yannoy, each for the sum of seven hundred and fifty dollars, and costs.
On the 20th of January, 1844, and after the foregoing opinion was delivered, the counsel for Dean filed a petition for a rehearing, accompanied with, the following affidavit.
“ Personally appeared in open court, T. C. Tupper, who being duly sworn, says, that to the best of his knowledge and belief, the above named N. J. Dean, died in the early part of the year 1841, in the city of New Orleans.
Affiant founds his belief upon the following facts: during the year 1841, one Daniel W. Dean, the brother of said N. J, Dean, returned from New Orleans to Madison county, where he had formerly resided, and reported the death, by yellow fever, during that year, of his brother in New Orleans, and that he was with him at the time of his death, and the fact is generally believed in the community where he formerly resided. Whether his death occurred before or after the 10th of May, 1841, this affiant does not positively know.
Sworn to in open court, this 20th January, 1844.
J. M. .Duffield, Clerk, H. C. E. and 'A."
The following is the petition for reargument:
To the high court of errors and appeals, of the State of Mississippi.
T. C. Tupper, counsel for David Dean and Joseph H. Yannoy, in the case of N. J. Dean, &c. vs. The State of Mississippi, prays for a rehearing of said cause for the following reasons.
*209 When the cause was called on the docket, on the first week of the term, the papers in the cause were in possession of the attorney-general, and it was understood by petitioner that he would prepare a brief in the case, and that petitioner should reply if he chose to do so, and then the case should be submitted. On this understanding, the counsel for the plaintiffs returned home, and ascertained for the first time, on his arrival in this city, on yesterday evening, that the cause had already been submitted and decided, without an opportunity having been afforded to plaintiffs’ counsel, to see the brief of the attorney-general.
Counsel for plaintiffs further state, that N. J. Dean, for whose appearance, the said David Dean and Joseph H. Yan-noy were bound by their recognizance, is now dead, and counsel is informed that he died before the final judgment was rendered in the court below, of which fact, however, the said David Dean and Joseph H. Yannoy were not then apprized. This fact would have been suggested to this honorable court at the time the cause was submitted to the court, had not the counsel for plaintiffs believed that the case would not be presented to the court until the present week.
The counsel for the plaintiff's would respectfully suggest to the court, whether it was not erroneous to enter up a judgment against the said Dean and Yannoy, when it was impossible, by the death of their principal, to surrender him to the court.
The judgment of the court below was reversed; no valid judgment then existed against Dean and Yannoy, until the same was rendered by this court. And even if the said N. J. 'Dean was not dead at the time of the rendition of the judgment below, he was, beyond doubt, when the judgment was rendered by this court against his bail.
The above are deemed sufficient reasons for a rehearing, or for setting aside the judgment rendered against David Dean and Joseph H. Yannoy.
T. C. TuppeR.
The undersigned, practising attorneys of this court, respect *210 fully pray the honorable court, to grant a reargument in the above stated cause.
January 16, 1844. John G. Ott,
H. A. H. Lawson,
W. R. Hill,
L. Maurv GaRRett.
The counsel for plaintiff, would beg leave to call the attention of the court again to the 4th error assigned, to wit:
That the recognizance was illegal and void, because the cause of taking it, as therein set forth, the commission of a crime in Madison county, was not such as to authorize the magistrate to require the prisoner to enter into a recognizance to appear before the circuit court of Warren county. It is well settled, that it is essential to the validity of a recognizance, that it show the cause of taking it. See 16 Mass. Rep. 447, and 9 Mass. Rep. 520. If a recognizance is void, that does not contain ,the cause for taking it, then, a fortiori, a recognizance setting forth a cause which does not authorize the taking it, is also void.
But if, on a reargument of the cause, the court should regard the recognizance to be valid, still the judgment is reversed, and as the death of the principal has been suggested, the bail ought to have the privilege of pleading that fact in bar, which can be done by remanding the causé to the circuit court of Warren county for further proceedings. ■
T. 0. Tupper.
Mr. Justice Thacher, delivered the following opinion, over-' ruling the application for a reargument.
This case comes up on a petition and motion for a rehearing.
As a general rule, we cannot regard, after the submission of a cause, any misunderstandings that may occur between the counsel in reference to the agreement of submission. It does not seem that in this cáse any injury accrued to the plaintiff in error, from a want of inspection of the attorney general’s brief by his counsel. That brief submitted all the points, with but little argument, and no reference to. authorities. The brief of *211 the counsel for the plaintiff in error, brought all the points fully to the consideration of the court.
It is urged, that since judgment was rendered by this court, information of the death of the principal in the recognizance has come to the knowledge of counsel, and also that the death took place anterior to the final judgment in the court below. This is a fact concerning which tve cannot inquire. This tribunal is strictly appellate, and our only inquiry can be, whether the judgment below, as disclosed by the record, is correct. The judgment of the court below, in this case, was final, and the judgment of this court, decreeing such judgment as the court below should have pronounced, is a judgment nunc pro tunc.
A rehearing of argument upon the fourth error assigned, we imagine, would give us no cause for a change in our opinion. A recognizance should always set forth a cause for which it was taken, but it does not require a specific description of the circumstances of the offence. State v. Rye & Dunlap, 9 Yerger R. 386. If it shows a corpus delicti upon its face, it is sufficient. The recognizance in the case at bar gives a recital of the oath of him, by virtue of which the warrant of arrest issued, and has reference, also, to previous proceedings before the magistrate, in his office of record. It charges a larceny. And the recognizance need not set forth the evidence, nor the course of reasoning by which the magistrate arrived at his conclu'sion to require it. Though the original asportation was in Madison county, the removal of the accused, with the stolen goods, into another county, would constitute a new taking in that county. The case in 16 Mass. R. 446, Commonwealth v. Daggett, shows a recognizance “ to answer to such matters and things as should be objected against ” the principal, and contained no reference “ to any previous proceedings before the magistrate.” This was indefinite, and bad. The recognizance in the case at bar, sets forth, it is true, the oath of complainant to a charge of larceny, in which the original taking was alleged to have occurred in Madison county; but it likewise refers to antecedent proceedings, which authorized the taking of it, and *212 an intelligible object for which it was entered into, and the jurisdiction of the magistrate follows from the transitory nature of the offence charged. 9 Mass. R. 492, Commonwealth v. Daggett. We cannot but consider the recognizance valid.

Motion overruled.